[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15195
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00214-TJC-TEM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY EVANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 24, 2013)

Before CARNES, BARKETT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jimmy Evans appeals his total 200-month, above-guideline sentence, imposed after he pleaded guilty to aiding and abetting an attempted bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (Count One); and aiding and abetting the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), and 2 (Count Three).  Evans's total guideline range was 87 to 108 months on Count One, with a statutory minimum sentence of 84 months on Count Three, to run consecutive to the sentence imposed on Count One.

On appeal, Evans argues that his sentence was substantively unreasonable, based on (1) the district court's failure to give real weight to the guidelines range, including its failure to explain its reasons for the upward variance; (2) the court's erroneous weighing of the 18 U.S.C. § 3553(a) sentencing factors; and (3) the totality of the circumstances.  We see no reversible error.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  The party challenging the sentence bears the burden of showing it is unreasonable in the light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need to avoid unwarranted sentencing disparities. *Id.* § 3553(a)(1), (3)-(4), (6).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). Extraordinary justification or rigid mathematical formulas are not required for a sentence outside the guidelines range, but we have said that the district court should explain why the variance is appropriate in a particular case and the "justification for the variance must be sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1186-87 (11th Cir. 2010) (*en banc*) (quotation omitted). Likewise, although sentences outside the guidelines are not presumed to be unreasonable, we may take the degree of a

3

variance into account.  *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).

Based on the record, we cannot say that the district court imposed a substantively unreasonable sentence.  The court clearly articulated enough its reasons for the upward variance, specifically noting the violent nature of the attempted robbery, Evans's leadership and planning role, and his attempts to obstruct justice.  The court considered that Evans indicated that he had followed a female bank employee home and had learned that she had a husband that lived there, and that Evans instructed his codefendants that, if she did not cooperate, they were to apprehend the employee's husband and use him to force her to open the vault.  The court also considered that Evans had threatened his codefendants, and he forced one of them to sign an affidavit in an attempt to minimize his own punishment.  The court was within its discretion to find that these circumstances took Evans's case out of the "heartland" of typical robbery cases and that the circumstances warranted the upward departure.

In addition, the court considered the need to protect the public, reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  *See* 18 U.S.C. § 3553(a)(2)(A), (C).  Furthermore, the court acknowledged Evans's mitigating factors, including his military service, history of alcoholism, and his own status as a robbery victim.  Moreover, the degree of the

4

variance was not great (8 months); and the total 200-month sentence was well below the statutory maximum sentences of 300 months on Count One and life on Count Three. *See Shaw*, 560 F.3d at 1237; *see also United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (noting that a sentence "well below" the statutory maximum was relevant to the reasonableness inquiry). Thus, based on the record, the justification for the variance was easily sufficiently compelling to support its degree. Evans cannot meet his burden of showing that the district court abused its discretion in the light of the record and the § 3553(a) factors. *See Gall*, 552 U.S. at 41, 128 S.Ct. at 591; *Tome*, 611 F.3d at 1378.

**AFFIRMED.**

5